The final case this morning is number 24, 2025 Osburn v. United States. Mr. Kornacki. Good morning, your honor. May it please the court. My name is Wojciech Kornacki. I'm an attorney for appellant and we're appearing. An appellant is in the courtroom today as well. This case concerns wrongful discharge from... Can you speak up just a tiny bit? Yes, your honor. Good morning. My name is Wojciech Kornacki. I'm an attorney for appellant. Appellant is in the courtroom today and may it please the court. This case concerns a wrongful discharge from Coast Guard and the arbitrary and capricious decision from the Coast Guard Board for correction of military records. The applicable standard here is in the joint appendix pages 722 and 724 that explain that if service member in Coast Guard is going to be separated, they have to be properly notified. They have to be properly notified about the reason. Okay, but there are two grounds here. One is sexual misconduct and you make all sorts of arguments about why there wasn't notice of that charge, but it's also a false statements charge and there was no lack of notice about that, right? Yes, your honor. So we would argue in terms of proper notice that appellant was not notified about the allegation of violating article 128, which is... No, no, no, but there's no argument that your client wasn't notified about the false statements charge. Yes, we're not arguing that he wasn't notified. He was notified. We're arguing that there was no evidence as the hearing officer found, but yeah, he was fully notified that he was being separated for sexual assault and false official... Why isn't there any evidence to support the false statements charge? We rely on the legal expert, the senior naval judge advocate who determined in his preliminary hearing officer report that when the appellant said that he did not remember, this didn't translate into making a false official statement because there was no evidence that the government presented that he actually remembered. He was charged with making three false statements, right? To be exact, your honor, five. Five? Yes, and they're all primarily related to the I don't remember and then the Coast Guard said, okay, well, we're just going to say that you made a... He was found that he did make at least three statements. So the preliminary hearing officer actually found no probable cause for four out of five false official statements. The one that he found probable cause, which is even below the standard necessary to separate someone from active duty, which is a preponderance of the evidence, he also recommend to dismiss because he explained that when appellants... He ultimately was found culpable of three different charges of making false statements. As far as we understand, your honor, he was not found guilty. He received one article of non-judicial punishment where he was found guilty of violating one article 107, which is a false official statement. However, the notification doesn't mention being found guilty of the non-judicial punishment and the case law is very clear. You can only be separated... I'm trying to get you to focus on the false statements and you're saying that he was found guilty or culpable of making only one false statement. So, your honor, he received... More than one? The article 15, the non-judicial punishment... More than one? It's just one. It says it's just one. The hearing officer found that there was no probable cause for... I think I'm referring to the hearing officer, but this is a process with appeals and reviews. That's not enough. I mean, how is that enough for you to establish a problem with whichever tribunal we're talking about? It was beyond his finding, what basis is there to overturn what the commission or the board or whoever we're talking about ultimately concluded? Yes, your honor. We would highlight first on page 249 that Coast Guard actually said that Appellant was separated for sexual assault only, not for false official statements. Then the Discharge Review Board said that Appellant was being focused most of their analysis on the allegation of sexual assault. Okay, fair enough. And there's a lot of paper here and we have tribunals that looked at this in every which way, going up the line and down the line. But there's no doubt, there's no dispute that false statements, as Judge Rayna put out, was the basis for overturning it. Don't you have to show that that was clear error or arbitrary or something? Yes, your honor. And we believe that between Coast Guard on 249 saying that the separation is based on sexual assault only. Yeah, but there's plenty of other paper that says that it's based on false statements. Lots of paper in the review, right? You're trying to say that this, I don't understand, is this a due process violation because there was confusion or is this an error? Are you saying they did not rely on false statements? Your honor, the record is... Can you answer the question? Are you saying that they didn't rely on false statements that had nothing to do with what they did with respect to your client? They did rely and the Board for Correction of Military Records for the first time in 2023 actually said that he was separated for false official statements. Okay, so why, so what's the gravamen of your complaint here? That they, at one point, there's something that's included or brought in sexual misconduct or sexual assault or something in this? What does that do for your case? Setting aside the false official statement, your honor, the chain of command recommendations also mentioned as an assault and battery and coercing someone into sexual assault. Mr. Appellant never had a chance to respond to those allegations. Let me put it this way. Suppose we conclude that the false statements charge was supported by substantial evidence or was not clearly erroneous, whatever the standard, you would lose, right? No, your honor, because we would still argue that after Appellant received the notice, the chain of command added additional grounds of an assault and battery and coercing someone to commit sexual assault. If the false statements charge sustained, why doesn't the result fall? Because we would argue this is not a harmless error. The magnitude of adding the assault and battery and coercing someone into sexual assault is so great that the court would not be able to just see how the Coast Guard would reach a decision on separation, especially since they have the second chance program where sometimes they allow a brand new... I mean, his... He was upgraded to an honorable discharge. Yes, your honor. So what he was initially charged with in terms of potential court-martial, all that was off the table, either voluntarily or because they didn't have enough evidence or whatever. The ultimate penalty, if you want to call it a penalty that he got, was much less severe than what they were talking about in the first instance, right? So you're asking because they put some other stuff in there at various times in the proceeding for... I mean, at most, he'd be entitled to a do-over, even if that were correct, right? So they'd have to go back and adjudicate that. But if they relied on false statements, why doesn't that, as Judge Stike seemed to suggest, why isn't that the end of the case? Yes, your honor. We would fall back on Lowry and Lizio, where the courts have been very clear, you have to be notified what you're being separated for, because if you're not, then you cannot properly defend yourself. So you're saying that he was separated not for false statements, but for sexual assault and or battery? Yes, your honor. That's what the chain of command added. And on 249, it specifically says that the flag endorsement gets me to separation for sexual assault with a general discharge. That's what the Coast Guard said that he was being separated for in their own official document. The Discharge Review Board reviewed the record, and it determined that the sexual intercourse was consensual, and that appellant is actually being separated for miscellaneous reasons. The Board for Correction of Military Records in 2023 actually said no, appellant was not separated for sexual assault, he was separated for making false official statements. Okay, so that was corrected. So there was some consensus at the end that he was separated for false statements, right? That's what the Board said, but we would argue that this was erroneous, because the Coast Guard actually said he was being separated for sexual assault. But this is separate and aside for adding hey, he also violated assault and battery, and he also cursed someone into rape, because these were the two new charges. And the court was very clear in Lisio and also in Rogers, where if the chain of command is adding additional grounds for separation, either like your honor pointed out, the process has to be redone, or the separation is improper. Chief Judge Kaplan has explained in Lowry that the value of proper notice is self-evident, because it allows the service member to actually know what they're being separated and to defend themselves. It allows their attorney to provide proper responses. Appellant had an attorney, but the attorney never knew that he was also being considered for an assault and battery. And then the chain of command has a full picture, because on one hand they see what is the allegation, they see the response from the appellant, and then they can make an informed decision. Well, the original notification of intent to discharge mentions false statements. Why isn't that in and of itself enough? Your honor, we would argue that this is not enough, because after appellant provided responses, the chain of command added additional grounds for separation, which was Article 128. This was in June of 2017 on 252, and then they also added in May on 254, cursing someone into sexual assault. Appellant never knew that these were additional charges that were being added, and he was unable to defend himself. And based on that, we would argue that based on Crane, Rogers, Lowery, and Lizio... Did these additional charges just lie dormant? I don't see that there was any prosecution of these other charges. Yes, your honor, there was actually no prosecution on the Article 128 at all. You claim that the lack of this prosecution on those dormant claims somewhat tainted the entire process. We would argue that it did, because the gravity and the magnitude... Prejudice? Yeah, yes, we would argue that... Is there evidence before us about prejudice? Yes, your honor, and I would refer your honor to the Discharge Review Board on 176, where the board said that if you really look at the of sexual assault, it was consensual. If you put that aside, the applicant was perfectly fine to continue to serve on active duty, but the chain of command decided to pile on additional charges after appellant already provided responses, and he was completely unaware that this was added. Even the best attorney would not know that all of a sudden now he's being accused of violating the assault and battery. Now, the way the board for correctional... Okay, but what we're trying to parse out is if the false statements charge gets sustained, and the only argument that you made against it is insufficiency of the evidence based on the preliminary determination, the probable cause determination. So, let's assume for the moment, I know you disagree with it, that we conclude the false statements charge was supported by substantial evidence, or was not clearly erroneous, whatever the standard is. Okay, and then I asked you, do you lose, and you said no, because they would not have discharged him if that's the only charge that had been sustained. Am I understanding correctly what you're saying? Yes, under the second... What's the basis for your saying the false statement charge wouldn't have been sufficient? We would rely on the decision from the discharge review board that also didn't accept the charge of false official statements, and they said that appellant was fully eligible to continue to serve. He had an excellent service record of almost three years. He continued to be promoted. In fact, in January of 2016, he was actually recommended eligible for re-enlistment. The way that the board for correction of military records is trying to deal with this problem is that they're trying to say that the allegation of an assault and battery was covered under one of the allegations. Why are we reviewing the discharge review board instead of the separation decision by the chain of command? We would argue, your honor, that this is instructive on the court to see that there's just no evidence like the preliminary hearing officer stated, and we can also rely on the presumption of regularity. We are reviewing the decision by the chain of command, not the discharge review board decision. We are reviewing, your honor, the board for correction of military records. All right, but they in turn are reviewing the decision. Yes, your honor. In his application, appellant argued that he was wrongfully discharged because he didn't receive proper notice. I'm sorry, your honor, I'm out of time. The appellant was essentially that the chain of command attempted to re-litigate the court martial proceedings because he was charged with all those very serious violations. The hearing officer said there's just not enough evidence for false official statements, sexual assault, I recommend non-judicial punishment, and then at the end he was still separated for the same grounds that they originally tried to use, your honor. Okay, all right, we're out of time. We'll give you two minutes to rebuttal. Thank you, your honor. Mr. Lewis. Good morning, may it please the court. The Coast Guard met its due process requirements in discharging Mr. Osborne. He was provided notice of the reasons for his discharge, and he was provided a meaningful opportunity. What were those reasons? Was he discharged for false statements? He was discharged for false statements as well as for sexual assault. Was this false statement sufficient to result in the discharge if the sexual assault allegations had not been sustained? Yes, your honor. How do we know that? Well, I would first point the court to the instruction M1000.4, which allows removal on the basis of false statements, but additionally to the BCMR decision, which in holding that, or in upholding the determination that Mr. Osborne had made false statements, it concluded that false statements were the basis for the separation, and then sustained that separation. I think the court, excuse me. I mean, there's confusion in the record. I don't know if it's because, I mean, someone could argue it's because he got too much due process, because everybody kept on looking at this again, but they did keep switching the basis, right? I mean, what's a sexual assault and then sexual battery? So, at the end of the day, the removal was for what? Not the removal, the honorable discharge. The honorable discharge was for sexual assault as well as for making false official statements. I would agree that there is some inconsistency in the record documents that led to that point, but in response, I would point the court to the notice of the intent to discharge, which identify the making false statements in relevant part, as well as the underlying sexual assault. What do you understand his due processes or his failure of notice? Which charge was that? Was that the battery? My understanding of my friend's arguments regarding the Article 128 assault offense is that by the commander including or opining that the appellant's act of picking up the unconscious victim and carrying her to his room was an assault, that Article 128 assault was not articulated under that article in the preceding notice, but then it also did not continue past that commander's opinion in the recommendation. Is there a requirement that when you bring a charge like this that you withdraw it if you're not going to prosecute it? Your Honor, I'm not aware of any such requirements at this time. I would additionally note that to the extent that we're talking about failure of due process in relation to this matter, that the underlying nexus of fact, underlying the sexual assault, the making false official statements under Article 107, originated even preceding the administrative separation from the criminal offense charges, then through the administrative separation process, and then subsequently, of course, as you noted, through the various administrative appeal and review processes. But the nexus of fact, the sort of nucleus of information that we're talking about here, the same investigations, the same witnesses for the events, these have been consistent since even prior to the administrative separation. And so to the extent that Mr. Osborne is pointing out the reference to Article 128 as depriving him some opportunity for meaningful response, the underlying facts belie that procedural irregularity. Well, I see it on the false statements. It seems like that was traced all the way through, starting at the beginning. The sexual assault is a little more muddled in my mind because of the paper trail. And I think we agree that the Article 128, which is not sexual assault, but general assault, has its own article provisions, its own standards, is a departure from that sexual assault. So why is that not a due process problem? Are you saying because they didn't rely on that at the end of the day? Yes, Your Honor. The Article 128 was not relied upon. It was not subsequently used as the basis to upheld the removal either. Do you know that the ultimate decision was not prejudice? Well, I would point again, the Court, to the underlying facts that the nature of this alleged Article 128 assault, the picking up the alleged victim and carrying her to his room while she was unconscious, are the same facts that were included with the sexual assault investigations. I'd additionally point the Court to the point that the Article 128, though mentioned in the recommendation for Mr. Osborne's removal, was not then, the subsequent removal decisions did not emphasize that point and instead have found... Who made the Article 128 allegation or charge? That was the commander who referenced, who was the final reference to the PSC for the removal. The commander of the base? So it first went to a sector commander who noticed the discharge and then recommended a discharge and then went to a commander... Your Honor, off the top of my head, I'm forgetting the specific commander's role. My concern is that you have high-ranking... Well, you have the commanders that have behind the charges that have been brought against him and then they don't follow up on it and the charges are left dormant. He neither gets a chance to address the allegation and he doesn't get a chance to address any prejudice that he could have had on the ultimate, on the board. We don't know. I'm not saying it was, but there's a voyager. There's something that's troubling about the due process. And he not getting a notice and at least getting the opportunity to say, no, this isn't true. And then you proceed and remove him from military service based on the false statements. If I could, I'd like to refer to the... Excuse me, I'm on the wrong page here. In response, Your Honor, I would first point out again that the specific act that we're talking about here, because on this evening there were sort of four events that took place. There was the buying alcohol for a minor, violation of Article 134. There was then, while that minor wasn't... Or 19-year-old, but minor for the purpose of alcohol wasn't conscious, carrying that minor to the bedroom. There was sex and then there was a sexual assault of the digital insertion of a finger into the anus. That same, that one sub part, that carrying the individual to the bedroom while she was unconscious was part of the sexual assault investigation. In fact, the basis by which the commander came to that conclusion was through those same investigations reports that were the subject of the underlying sexual assault investigation. So at the time that Mr. Osborne was provided this Article 128 reference, even if that's not necessarily the standard by which he was removed, he did have notice of the specific issue. It had come up before and he had sufficient notice in our minds to provide a meaningful response to that allegation. Was that decision made on the basis that the victim refused to testify? I'm sorry for clarity, Your Honor. The decision... I want to make sure I'm talking about the right decision. Sexual assault in the battery. So there's the... The 128, Article 128 related charge. The Article 128 charge was based upon, by my read, the investigation reports. So there was the alleged victims investigation reports. There was testimony from several witnesses at the party. And that's all reflected in the remand decision in some detail quite clearly. So the 128 violation comes up for the first time, June 12, 2017, in the district commander decision, right? Yes. Before then and not after that. Correct, Your Honor. And with that point, I'd like to also move on to the second argument through which this panel emphasized initially, which was the false official statement charge, through which Mr. Osborne could be... Yeah, when you started, you said that that could be an independent basis. You cited some instruction. Yes, I believe the instruction is referenced. I should have it right here. But even if it could be an independent basis, let's assume hypothetically, and this is very hypothetical, that we would assume that's the string that he had notice of clearly, and that was the assertion all along. There'd have to be a determination, not whether they could give him an honorable discharge based on that, but whether they did, or whether they would have, right? So wouldn't that require a remand? I don't believe so, Your Honor, because that was, I believe, the determination of the remand, that Mr. Osborne had made false statements, or at least there was sufficient evidence for the officers to find that Mr. Osborne had made false statements, and therefore, the remand decision upheld the termination of Mr. Osborne. The AFBTA only relied on the false statements. The, excuse me, the BCMR. The BCMR did conclude that the false statements were the reference point by which Mr. Osborne was terminated, and I'd quote here, the applicant was in charge because he made false official statements to the CGIS agents during his interview under Article 1B7 of the Military Separations Manual, and I believe that's the M1000.4 Commandant Instruction. And unless this panel has any further questions, I can cede my time. Okay, thank you. Mr. Kornoski. Oh, Your Honor, in response to your question, that's exactly the process. If there's a wrong charge listed, the whole process needs to be redone to correct it, and then in terms of... Why? I mean, are you talking about the 128 violation? Yes, Your Honor. That's mentioned one and only time in the district commander's decision. It's not mentioned earlier, it's not mentioned later. How is your client prejudiced? The fact that it's not mentioned earlier, that's the prejudice, because... Or wasn't relied on later. We would contend that it was, because this was a Uniform Code of Military Justice felony charge that was added after... No, it's not relied on in the August 15th decision, right? We would contend, Your Honor, that at the time when a parent was being separated, it was relied on because the chain of command added it, just like they added the allegation of cursing... So my statement's correct, right? That the August 15th decision didn't rely on any violation of Article 128. We would contend that his separation did rely because the chain of... No, no, no, no, you're not answering my question. The August 15th decision did not rely on Article 128, correct? I would argue, Your Honor, that they did, because they put it in the chain of and Coast Guard made a determination on separation and on characterization of service and on ability to re-enlist. And then the legal standard here is what's in the notice, not what's in the investigation. There was never any mention of Article 128 in the notice. There was the investigation, but even a parent was not charged when he was going to a court-martial with Article 128. So his attorney and no one else had any notice that he was being separated. Can I ask, and you know the record obviously better than me, but this picking up and carrying issue wasn't just limited to sexual assault, and I thought the discharge notice listed that issue under the category of false statements. Am I correct about that? Yes, Your Honor. So that was in the notice. That was in the notice to the extent that it was a false official statement, UCMJ Article 107, that you made a false official statement that you did not pick her up. Now, appellant said he did not remember, but this is different from Article 128, you assaulted and battered someone. So these are two different UCMJ articles. This was addressed in the case of Lowry versus United States. In that case, the service member was charged with not reporting two DOIs when they were reenlisting, and the chain of command said, we're going to separate you for the two DOIs. But once he defended himself, the chain of command said, no, we're going to separate you for failing to report the DOIs, and the Chief Judge Copland determined that this was a different charge based on that the service member never received due process because he was never notified about this, and the separation was set aside. Like Your Honor pointed out, if a service member is not properly notified, they have to redo the process, and usually they redo it by removing their own charge and restarting the process. This was never done here. That's why there's such a great confusion about why this appellant was separated. Coast Guard said sexual assault, Discharge Review Board said there was no sexual assault, you served honorably miscellaneous reasons, Board for Correction of Military Records said false official statements. At the end of the day, this service member had an impeccable service record, was recommended for retention, and the Discharge Review Board said that he could have continued to serve honorably in Coast Guard. He had a four-year contract. Look at Appendix 249. I want you to help me understand what this document called separation on the sheet. Yes, Your Honor. And I'm sorry, Your Honor, I'm out of time. You're not out of time until we're out of time. Oh, okay. Thank you. It says a first review, recommend and approve with a general review. It says, but this is all I need, a flag endorsement, meaning somebody higher than me gets me to where I need to be to concur with the separation with the general for sexual assault. Is that prejudice in the process? Yes, Your Honor, we would contend that it was because the whole... It's not 128. No, it's not. But the whole process has been tainted after appellant provided responses to the notification because now they're relying on sexual assault as the most serious offense, and they're adding additional charges, same with coercing into committing rape. So we would argue, just as in Lowry, if the chain of command starts adding additional UCMJ violations, this stains the process and it has to be redined or the appellant is allowed to provide responses. Service members do not have a lot of rights when they serve and swear to defend the Constitution of the United States. One of those rights is to be properly notified. That is across the board in all different instructions. And in the Coast Guard instruction, it also says you have to be by specific reason and provided with specific basis based on the known facts. I think we're out of time unless there are other questions. Okay, thank you. Thank both counsel, the case is submitted. Thank you, Your Honor.